HOADLEY BRAKE SHOE CO. v. AMERICAN BRAKE SHOE & FOUNDRY CO.

(Circuit Court of Appeals, First Circuit. October 7, 1915.)

No. 1124.

PATENTS ⬡═328—VALIDITY AND INFRINGEMENT—RAILWAY BRAKE SHOE.

The Chipley patent, No. 651,435, for a railway brake shoe, was not anticipated and discloses patentable invention, which was made by the patentee and is of a fairly broad character. Claims 4, 5, and 6 are not limited to a shoe made in two parts, but apply as well to a continuous shoe. As so construed, *held* infringed.

Appeal from the District Court of the United States for the District of Massachusetts; Clarence L. Hale, Judge.

Suit in equity by the American Brake Shoe & Foundry Company against the Hoadley Brake Shoe Company for infringement of letters patent No. 651,435, for a railway brake shoe, issued June 12, 1900, on application of Gardner W. Chipley. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 222 Fed. 327.

Arthur v. Briesen, of New York City (Fred A. Klein, of New York City, on the brief), for appellant.

Frederick P. Fish, of Boston, Mass. (George Cook, of New York City, and J. Lewis Stackpole, of Boston, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

BINGHAM, Circuit Judge. The plaintiff, the American Brake Shoe & Foundry Company, is the owner of United States patent No. 651,435, issued June 12, 1900, on the application of Gardner W. Chipley, filed January 18, 1900, Chipley having assigned one half thereof to Charles W. Armbrust, and complains that the defendant, the Hoadley Brake Shoe Company, has infringed claims 4, 5, and 6 of the patent, in its manufacture and sale of brake shoes.

The patent is for a new and useful improvement in railway brake shoes. Claims 4, 5, and 6 read as follows:

"4. A brake shoe provided in its wearing face with recesses adapted to receive the attaching and guide lugs upon the back of another shoe, substantially as described.

─────────

⬡═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"5. A brake shoe provided in its wearing face with recesses adapted to receive the guide and attaching lugs on the back of another shoe, and with means for securing the two shoes together, substantially as described.

"6. A brake shoe having its wearing face and its back formed in parallel planes, so that the back of one shoe will fit the face of another shoe, and provided in its wearing face with recesses adapted to receive the attaching and guide lugs upon the back of another shoe, substantially as described."

The invention comprises two features. The first relates to the provision of a divided or two-part brake shoe, with which we are not particularly concerned. The second feature "relates to the provision of a brake shoe adapted to receive, and have attached to it the back or rear portion of a partially worn shoe, whereby partially worn shoes may be used completely up by attaching them to and using them with new shoes."

It appears that prior to Chipley's invention brake shoes, such as were then in vogue, on being worn down to a point where they could not be used further, without injury to the brake head, had to be discarded and go to scrap. To avoid this he conceived the idea of attaching a partially worn brake shoe to the face of a new shoe, so that the old shoe would be completely worn out. In assembling the shoes, the inner or new shoe is attached to the brake head, and the outer or old shoe is attached to the face of the inner one. Attaching and guide lugs are provided on the back of the shoes for securing the inner shoe to the brake head, and on the face of the shoes are recesses into which the attaching and guide lugs on the back of a similar shoe fit and secure it to the face of the inner shoe.

In operation, the outer shoe wears away entirely, and, after the inner shoe is partially worn, it is removed from the brake head, a new shoe is attached to the brake head, the worn shoe is attached to the face of the new shoe and the operation is continued.

In the District Court it was held that Chipley's alleged invention was not anticipated by prior patents or prior uses, and was new; that it had been actually reduced to practice, and was useful; and that Chipley, and not Armbrust, was the original and sole inventor. We have carefully examined the record and arguments of counsel with reference to these questions, and are satisfied that the conclusions reached by the District Court as to them are right.

It was further held in the District Court that the claims in issue were valid and were infringed by the defendant. It is upon these questions that the defendant makes its chief contention. It says (1) that the means set forth in the specification for interlocking the back of a brake shoe to the face of another shoe are only capable of use when applied to a divided brake shoe, and consequently the claims should be construed as limited to such a shoe, and, when thus limited, the defendant does not infringe, as its shoe is a continuous shoe; and (2) if the claims are not thus limited, they are invalid, because Chipley does not show or describe the particular means necessary to unite continuous shoes, which these claims purport to cover.

It must be conceded that the particular means described in the specification of the patent for interlocking the back of a worn shoe to the face of a new one are specially adapted for interlocking divided shoes,

the parts being locked together by an end to end movement, and that they are not applicable for interlocking continuous shoes without modification—the reason being that there are no side entrances to the recesses on the face of the shoe or to the key ways or recesses in the attaching and guide lugs, so that the attaching and guide lugs may be moved transversely into the recesses on the face of the shoe and become locked by the lugs situated in those recesses. The required modification, however, is slight, would suggest itself to any one skilled in the art, and is but a phase of the groove and rib idea which was old at the time the application for the patent was filed. Then, again, means for interlocking a continuous brake shoe to the brake head by grooves and ribs were well known in the art at the time the patent was applied for, and could be employed, and would be practical, for interlocking shoes of the continuous type. Such means are, therefore, within the range of reasonable equivalents.

Is the patentee entitled to the use of equivalents? In his specification he declares:

"It will be * * * understood that the second feature of my invention may be utilized in solid or continuous shoes, it being simply necessary for such purpose to provide suitable means for securing the old and new shoes together when assembled;" and, "while I have illustrated and described in detail a simple and efficient method of attaching the worn shoes to the new ones, by interlocking them together, my invention is not restricted in its broader scope to this particular method and means of attaching the old shoe to the new one, since, so far as I am aware, it has not heretofore been proposed to use up worn brake shoes by attaching them to new shoes in any manner whatsoever, and my invention, therefore, contemplates the employment of any suitable means for securing the old shoes to the new ones in the practical utilization of this idea."

It thus appears from the specification and the claims that the second feature of the invention, to wit, the building of brake shoes, to be used until worn out by making them interchangeably attachable to the brake head and to each other by means of suitable lugs on their backs, and corresponding recesses in their faces, was not limited by the patentee to the divided shoe. It also appears that the invention is of a fairly broad character, as nothing of the kind is shown in the prior art. Under these circumstances, we are of the opinion that the patentee is justly entitled to the use of equivalent means for interlocking continuous shoes, including the groove and rib method, and that the claims in issue are valid as applied to such a shoe. We are also of the opinion that the claims are infringed by the defendant's structure, which is nothing more than the groove and rib method of interlocking a worn shoe of the continuous type to a new shoe, with some possible improvements in the method of constructing the grooves and ribs. The only perceptible advance in the defendant's attaching device over the prior art is in the inclination of the defendant's lugs and recesses, and the validity of its patent must depend upon the special form of the attaching and guide lugs and the corresponding recesses. The mode of operation of the shoe is the same as that of the one in suit, the outer or old shoe is completely worn away, and the inner or new shoe fastened to the brake head is partly worn and then removed and placed on the face of a new shoe, which in turn is attached to the brake head. The mere fact that

the defendant's brake shoe is a patentable improvement over the one in issue does not give it the right to use the fundamental idea embodied in the Chipley patent.

The decree of the District Court is affirmed, with costs in this court.

PUTNAM, Circuit Judge, concurs in the result.